## CAUGHT IN A CABLE ON A STEAMSHIP DOCK.

Circuit Court of Cuyahoga County.

THE GILCHRIST TRANSPORTATION COMPANY v. GEORGE PEARSON.*

Decided, June 8, 1908.

*Negligence—Hauling in Cable.*

It is negligence on the part of the captain of a steamboat to order a cable hauled in, which is lying slack on the dock, without warning and without looking to see if anybody lawfully on the dock might be caught in a bight of the cable and injured.

*Seaton & Paine,* for plaintiff in error.
*R. B. & A. G. Newcomb* and — *Skiles,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The defendant in error was a ship carpenter in the employ of the American Ship-Building Company, working on its docks on the old river bed, in the city of Cleveland. To these docks the *Neshoto,* a large steamer belonging to plaintiff in error, had been brought for repairs, and while Pearson was eating his lunch in one of the ship-building company's buildings on the 13th day of September, 1905, the *Neshoto* was moved across the river bed from the north bed from the north to the south side, and he found it there, apparently moored at the dock, when he came back to work. Walking along the dock to his work on the boat, just as he was about to step over a steel cable lying slack upon the dock and extending from the boat to a port on the deck, said cable was suddenly, and without warning, drawn taut by a steam capstan on the boat, caught him between the bight

---

* Affirmed without opinion, *Gilchrist Transportation Co.* v. *Pearson,* 80 Ohio State, 723.

and threw him into the air, as a result of which he fell upon the dock and sustained serious injuries.    Pearson sued the transportation company for damages, claiming it was negligent in starting the steam capstan on the deck of the boat and jerking the cable when it knew, or should have known, that said cable was lying upon the dock and that said dock was a passageway for the men employed in the shipyard, and that it would catch and injure plaintiff if it were suddenly jerked, and in failing to warn the plaintiff as said capstan was about to be started and said cable about to be jerked, well knowing that the men upon the dock relied upon and had a right to rely upon a warning notice being given in such event.

The answer was a general denial and plea of contributory negligence on the plaintiff's part.

On the trial the transportation company claimed that at the time of the accident the *Neshoto* was under the control and in the care of the ship-building company and that the latter was responsible for the accident, if anybody.    This issue was fairly submitted to the jury and we think that the evidence, without giving the details of it, warranted the jury in determining that the transportation company did the act which resulted in the injury to Pearson.

We also think that the transportation company was negligent under the circumstances.    Warning should have been given before the line was hauled taut.

It is just as negligent to haul in such a cable quickly, without warning, and without looking to see if anybody on the dock might get caught, as it is to throw out a line without warning and without looking to see if anybody on the dock might be hit by it and injured.    If the captain of the *Neshoto* desired to use the dock for his own purposes, he should have taken ordinary steps for the safety of those on the dock.

Pearson had a right on the dock.

The evidence as to the custom at said dock of giving warning under such circumstances was properly received on the question of Pearson's possible contributory negligence, and the jury was warranted in finding him without fault.

Further consideration of the evidence in this case is unnecessary; it is sufficient to say that we think it sustains the verdict and the judgment is affirmed.